# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDY COOK, | Case No. 1:13-cv-01413-SKO (PC) |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM UNDER SECTION 1983 |
| v. | |
| RON DAVIS, et al., | (Doc. 1) |
| Defendants. | THIRTY-DAY DEADLINE |

## First Screening Order

### I.  Screening Requirement and Standard

Plaintiff Randy Cook, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on September 4, 2013.[1]  Plaintiff's claims arise from events which occurred at Valley State Prison ("VSP") in Chowchilla, California.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that

---

[1] The complaint purports to be brought on behalf of multiple inmate-plaintiffs.  However, while a non-attorney proceeding pro se may bring his own claims to court, he may not represent others, and this action proceeds with Randy Cook as the sole plaintiff. *E.g.*, *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664-65 (9th Cir. 2008); *Fymbo v. State Farm Fire & Casualty Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000); *Johns v. County of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997); *C. E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987).

seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  While factual allegations are accepted as true, legal conclusions are not.  *Iqbal*, 556 U.S. at 678.

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights.  *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).  This requires the presentation of factual allegations sufficient to state a plausible claim for relief.  *Iqbal*, 556 U.S. at 678-79; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).  Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), but nevertheless, the mere possibility of misconduct falls short of meeting the plausibility standard, *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969.

**II.     Discussion**

    **A.     Summary of Plaintiff's Allegations**

Plaintiff brings this action against VSP Acting Warden Ron Davis and Medical Chief Executive Officer Tim Neal for violating Plaintiff's rights under the Eighth Amendment and Fourteenth Amendments of the United States Constitution.

Plaintiff's claims arise from a policy and practice which prohibits inmates outside on the yard from returning to the housing unit to use the bathroom.  Inmates are also prohibited from using the restrooms in the medical clinic, unless they have a medical ducat, and their requests for

portable restrooms on the yard were denied. Plaintiff alleges that as a result of this policy, inmates, some of whom are on medication which causes them to urinate frequently, are forced to urinate, and at times defecate, on the yard. Plaintiff alleges that housing unit officers are redirected to facility work change from 10:30 to 12:00, and as a result, inmates cannot return to the housing unit during that period.

Plaintiff alleges extreme pain, mental and emotional stress, shame, humiliation, degradation, and embarrassment result from the policy.

### B. Eighth Amendment Claim

Supervisory personnel such as Defendants Davis and Neal may not be held liable under section 1983 for the actions of subordinate employees based on *respondeat superior*, or vicarious liability. *Crowley v. Bannister*, 734 F.3d 967, 977 (9th Cir. 2013); *accord Lemire v. California Dep't of Corr. and Rehab.*, 726 F.3d 1062, 1074-75 (9th Cir. 2013); *Moss v. U.S. Secret Service*, 711 F.3d 941, 967-68 (9th Cir. 2013); *Lacey v. Maricopa County*, 693 F.3d 896, 915-16 (9th Cir. 2012) (en banc). "A supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Crowley*, 734 F.3d at 977 (citing *Snow*, 681 F.3d at 989) (internal quotation marks omitted); *accord Lemire*, 726 F.3d at 1074-75; *Lacey*, 693 F.3d at 915-16. "Under the latter theory, supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of a constitutional violation." *Crowley*, 734 F.3d at 977 (citing *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989)) (internal quotation marks omitted).

Defendant Neal is not linked to any actions or omissions which demonstrate a violation of Plaintiff's rights. Defendant Davis allegedly promulgated the policy at issue, but, for the reasons which follow, Plaintiff nevertheless fails to state a claim against him for violation of the Eighth Amendment.

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir.

3

2006).  Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation.  *Hudson v. McMillian*, 503 U.S. 1, 9, 112 S.Ct. 995 (1992) (citations and quotations omitted).  To state a claim for violation of the Eighth Amendment, the plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to the plaintiff.  *E.g.*, *Farmer v. Brennan*, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994); *Thomas v. Ponder*, 611 F.3d 1144, 1150-51 (9th Cir. 2010); *Foster v. Runnels*, 554 F.3d 807, 812-14 (9th Cir. 2009); *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998).

In this case, Plaintiff's allegations do not support the existence of an objectively serious risk of harm to his health or safety.  Furthermore, Plaintiff's allegations do not support a claim that Defendant Davis acted with deliberate indifference toward Plaintiff vis a vis the yard policy.  At this stage, Plaintiff's allegations are suggestive of a frivolous claim, as there is no support for any reasonable inference that adults, who are aware of the set schedule during which time they will be outside on the yard, are unable to conduct themselves in a manner which allows them to be outside for ninety minutes without access to a restroom.  *See Johnson v. Lewis*, 217 F.3d 726, 729-32 (9th Cir. 2000).  (Comp., p. 15.)

### C.    Due Process Claim

If a constitutional claim is covered by a specific constitutional provision, the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process.  *County of Sacramento v. Lewis*, 523 U.S. 833, 843, 118 S.Ct. 1708 (1998) (quotation marks and citation omitted).  Thus, to the extent Plaintiff is attempting to state a separate due process claim, he is precluded from doing so, as the Eighth Amendment provides redress for the claim at issue.

### III.   Conclusion and Order

Plaintiff's complaint fails to state a claim upon which relief may be granted under section 1983.  In an abundance of caution, the Court will provide Plaintiff with an opportunity to file an

1  amended complaint. *Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012); *Lopez v. Smith*, 203
2  F.3d 1122, 1130 (9th Cir. 2000).

3        Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what
4  each named defendant did that led to the deprivation of Plaintiff's federal rights. *Jones*, 297 F.3d
5  at 934.  Plaintiff must demonstrate a causal connection between each defendant's conduct and the
6  violation of his rights; liability may not be imposed on supervisory personnel under the theory of
7  mere *respondeat superior*. *Iqbal*, 556 U.S. at 676-77; *Crowley*, 734 F.3d at 977; *Starr v. Baca*,
8  652 F.3d 1202, 1205-07 (9th Cir. 2011), *cert. denied*, 132 S.Ct. 2101 (2012).  Further, although
9  accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the
10 speculative level. . . ." *Twombly*, 550 U.S. at 555 (citations omitted).

11       Finally, an amended complaint supercedes the original complaint, *Lacey*, 693 F.3d at 907
12 n.1, and it must be "complete in itself without reference to the prior or superceded pleading,"
13 Local Rule 220.

14       Accordingly, it is HEREBY ORDERED that:

15     1.    Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim
16 under section 1983;

17     2.    The Clerk's Office shall send Plaintiff a civil rights complaint form;

18     3.    Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an
19 amended complaint; and

20     4.    If Plaintiff fails to file an amended complaint in compliance with this order, this
21 action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:  **May 8, 2014**                    /s/ Sheila K. Oberto
                                                UNITED STATES MAGISTRATE JUDGE